IN THE MATTER OF: SHELBY JANE McMILLAN AND ABE McMILLAN

No. 7516DC1000

(Filed 21 July 1976)

Infants § 11— children kept out of public school — "neglected" children
    Children whose parents wilfully refused to allow them to attend school because the children were not taught about Indians, Indian heritage and culture in the school were "neglected" within the meaning

of G.S. 7A-278(4), since it is fundamental that a child who receives proper care and supervision in modern times is provided a basic education, and the parents in this case did not provide their children with any alternative mode of educational programs.

APPEAL by respondents from *McLean, Judge*. Judgment entered 14 August 1975 in District Court, ROBESON County. Heard in the Court of Appeals 18 March 1976.

By petition the Robeson County Department of Social Services [Petitioner] alleged that the thirteen year old Shelby McMillan and ten year old Abe McMillan were neglected children under G.S. 7A-278(4). Evidence established that neither of the two children had enrolled in or attended school for the entire 1974-1975 school term.

McMillan, the father, testified that he was an Indian and that he would not send his children to school because they were not taught about Indians and Indian heritage and culture. He stated that he had previously served a thirty day jail sentence for encouraging his children to be absent from school unlawfully.

The court concluded that the juveniles were neglected children within the meaning of G.S. 7A-278(4) due to their parents' wilful refusal to allow them to attend school. From this order, the parents appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Isaac T. Avery III, for the State.*

*Seawell, Pollock, Fullenwider, Van Camp and Robbins, P.A., by Bruce T. Cunningham, Jr., for respondent appellants.*

ARNOLD, Judge.

It is unchallenged, and the court found, that Shelby and Abe McMillan were "well fed, clothed, and cared for except for their lack of academic instruction." The court concluded that the children "are neglected within the meaning of G.S. 7A-278(4) on account of the wilful failure and refusal" of their parents "to send said children to school."

The issue presented in this appeal is whether children whose parents wilfully refuse to allow them to attend school may be "neglected" within the meaning of G.S. 7A-278(4). A child is neglected, as defined in that statute, when he or she

In re McMillan

does not "receive proper care or supervision or discipline . . . , or who has been abandoned, or who is not provided necessary medical care or other remedial care recognized under State law, or who lives in an environment injurious to his welfare. . . . "

We reject appellants' argument that the court exceeded its authority in this matter. They contend that the proceeding was brought to compel compliance with the compulsory school attendance law, and that the exclusive means to enforce compulsory school attendance is G.S. 115-166. That statute provides that "No person shall encourage, entice or counsel any such child [between the ages of seven and sixteen] to be unlawfully absent from school." Violation of G.S. 115-166 is a misdemeanor. G.S. 115-169.

The purpose of G.S. 115-166 is to prevent those in charge or control of children from encouraging or enticing said children to be absent from school unlawfully. The purpose of Article 23 of Chapter 7A is set forth in G.S. 7A-277:

"The purpose of this Article is to provide procedures and resources for children within the juvenile jurisdiction of the district court which are different in purpose and philosophy from the procedures applicable to criminal cases involving adults. These procedures are intended to provide a simple judicial process to provide such protection, treatment, rehabilitation or correction as may be appropriate in relation to the needs of each child subject to juvenile jurisdiction and the best interest of the State. The intent of this Article is to assure that, where possible, the court will arrange for the available community resources to be utilized to strengthen the child's family relationships in order to avoid removal of the child from his own home or community. Therefore, this Article should be interpreted as remedial in its purposes to the end that any child subject to the procedures applicable to children in the district court will be benefitted through the exercise of the court's juvenile jurisdiction."

In the instant case the disposition of the neglect petition is coincident with the policy of G.S. 115-166 that children between the ages of seven and sixteen attend school. However, the essence of the petition is not to enforce the compulsory school attendance law but to determine and provide for the needs of the children.

It was said in *Tucker v. Tucker,* 288 N.C. 81, 216 S.E. 2d 1 (1975), that the natural and legal right of parents to the custody, companionship, control and bringing up of their children is not absolute. It may be interfered with or denied for substantial and sufficient reason, and it is subject to judicial control when the interest and welfare of the children require it.

We do not accept appellants' position that a deep-rooted conviction for Indian heritage is on an equal constitutional plane with religious beliefs and thus protected by the First Amendment. This case is not like the one cited by appellants, *Wisconsin v. Yoder,* 406 U.S. 205, 32 L.Ed. 2d 15 (1972), which dealt with religious beliefs of the Amish. There is no showing that Shelby and Abe McMillan receive any mode of educational programs alternative to those in the public school. There is also no showing that the Indian heritage or culture of these children will be endangered or threatened in any way by their attending school.

The parents of Shelby and Abe McMillan wilfully refused to permit them to attend the public schools because those schools do not teach the particular heritage and culture the parents deem appropriate. Moreover, the parents do not provide any sufficient alternative education or training for these children. In our opinion the court exercised its control to interfere with the natural right of the parents in the best interest and welfare of the children.

It is fundamental that a child who receives proper care and supervision in modern times is provided a basic education. A child does not receive "proper care" and lives in an "environment injurious to his welfare" when he is deliberately refused this education, and he is "neglected" within the meaning of G.S. 7A-278(4). The trial court did not err in so finding, and the order is

Affirmed.

Judges MORRIS and HEDRICK concur.