IN THE MATTER OF: JAMES MILTON DEVONE, JR., DOB 9/21/68 AND JAMES MILTONO DEVONE, DOB 4/7/71

No. 8614DC1182

(Filed 2 June 1987)

1. **Parent and Child § 2.3— neglected child—educable child not receiving remedial care through public school**

    Evidence was sufficient to support the trial court's findings of fact and conclusions of law that a child was a neglected and dependent juvenile where it tended to show that the child was of limited intelligence but educable; it was in his best interest to receive the remedial care offered by the public school's special education classes; respondent father prevented the child from receiving it by keeping him out of public school and by insisting on teaching the child himself; and the father virtually isolated the child from the outside world, thus preventing him from developing normal social and independent living skills.

2. **Parent and Child § 2.3— neglected child—custody properly placed in DSS**

    The trial court did not err in granting legal custody of a child to DSS where the court properly concluded that the child had not received proper care and supervision and that steps needed to be taken to obtain necessary benefits which the child was entitled to receive.

3. **Parent and Child § 2.3— neglected child—child's return to public school—order proper**

    The trial court did not err in ordering that a child, whom it determined to be neglected and dependent, return to public school, since the child's special educational needs could not be met by respondent in his home school, though it met all the statutory criteria for non-public schools, but could be met in special education classes in the public school.

APPEAL by respondent from *Hudson, Judge*. Order entered 5 August 1986 in District Court, DURHAM County. Heard in the Court of Appeals 12 March 1987.

This is a juvenile proceeding in which respondent contests the finding that his two sons are neglected and dependent. We affirm the finding of the trial court.

Respondent, James Milton Devone, Sr., is the father of James Milton Devone, Jr. (Jimmy) and James Miltono Devone (Jamie).

On 3 December 1985, petitioner, Durham County Department of Social Services (DSS), filed a petition which alleged that the boys were neglected and dependent under N.C.G.S. § 7A-517. The district court found them neglected and dependent, ordered psychological and vocational evaluations of both boys, and ordered their father to cooperate with these evaluations.

The evaluations were conducted and established the following:

Jimmy, 17 at the time of the evaluation, had an IQ of 82, which placed him in the borderline range of intelligence. A psychologist found him extremely insecure socially and very dependent on his father. It was recommended that he receive vocational training outside the home.

Jamie, 15 at the time of the evaluation, had an IQ of 41, which placed him in the moderate range of mental retardation and classifies him as educable, but emotionally handicapped. A psychologist recommended a special educational program for him individualized to his strengths and weaknesses and recommended that he return to public school.

The evaluations found that both boys had extremely underdeveloped social skills, primarily because they lack contact with the outside world. One psychologist felt that they would develop major psychological disorders if they did not receive additional stimulation outside the home. He also felt that they did not have the necessary survival skills for life.

After the evaluations were completed, a full hearing on the merits was held and the boys were again found neglected and dependent. The court based its decisions on the psychological and vocational evaluations previously conducted and evidence in regard to the boys' living conditions. Testimony was given by the boys' grandmother that the father was overly protective and allowed them very little contact with the outside world. Further-

more, the father had taken them out of public school and since 1985 had taught them himself in the home at his School of Universal Studies and Understanding (SUSU).

The court granted legal custody of the boys to DSS, ordered that Jimmy be enrolled in a sheltered workshop program until his eighteenth birthday and ordered Jamie enrolled in emotionally handicapped and educably mentally handicapped classes in the public schools. From this order, respondent appeals.

*Daniel F. Read, attorney for James Milton Devone, Sr., respondent-appellant.*

*Assistant County Attorney James W. Swindell, for Durham County Department of Social Services, petitioner-appellee.*

*N. Joanne Foil, attorney for Chris Felder, guardian ad litem-appellee.*

ORR, Judge.

N.C.G.S. § 7A-524 provides that the jurisdiction of the district court over a juvenile continues until the juvenile reaches his eighteenth birthday. *In re Stedman,* 305 N.C. 92, 286 S.E. 2d 527 (1982). Jimmy Devone reached his eighteenth birthday on 21 September 1986, while this appeal was pending. Therefore, the court's order no longer applies to him and this opinion will only address respondent's arguments as they concern Jamie Devone.

I.

[1] Respondent first argues that the trial court erred in finding his son neglected and dependent. We disagree.

N.C.G.S. § 7A-517(21) defines "neglected juvenile" as:

A juvenile who does not receive proper care, supervision, or discipline from his parent . . . or who is not provided necessary medical care or other remedial care recognized under State law, or who lives in an environment injurious to his welfare . . . .

N.C.G.S. § 7A-517(13) defines "dependent juvenile" as "A juvenile in need of assistance . . . whose parent . . . is unable to provide for his care or supervision."

There is substantial competent evidence in the record to support the trial court's findings of fact and conclusions of law that Jamie was a neglected and dependent juvenile under N.C.G.S. Chapter 7A.

Although Jamie is a child of limited intelligence, he is entitled to an education which will help him reach his fullest potential. "It is fundamental that a child who receives proper care and supervision in modern times is provided a basic education. A child does not receive 'proper care' and lives in an 'environment injurious to his welfare' when he is deliberately refused this education, and he is 'neglected' within the meaning of G.S. 7A-278(4) [revised and currently G.S. 7A-517(21)]." *In re McMillan*, 30 N.C. App. 235, 238, 226 S.E. 2d 693, 695 (1976).

Because of his special needs, it is in Jamie's best interest that he receive the remedial care offered by the public school's special education classes. Such instruction is critical if he is to receive a "basic education." Although this remedial care is readily available to Jamie, respondent has prevented him from receiving it by keeping him out of public school and by insisting on teaching Jamie himself. Evidence that Jamie is being denied the remedial care he needs is sufficient proof to constitute neglect and a lack of proper care. A parent's insistence on attempting to teach a mentally retarded child constitutes neglect, if it denies that child the right to attend special education classes critical to the child's development and welfare.

In *In re Huber*, 57 N.C. App. 453, 291 S.E. 2d 916, *appeal dismissed and disc. rev. denied*, 306 N.C. 557, 294 S.E. 2d 223 (1982), this Court found a child neglected within the meaning of N.C.G.S. § 7A-517(21), where he had a severe speech defect which was treatable, but his mother refused to allow him to receive the necessary medical and remedial care that would allow him to develop to his full educational and emotional potential. "To deprive a child of the opportunity for normal growth and development is perhaps the greatest neglect a parent can impose upon a child." *Id.* at 458, 291 S.E. 2d at 919.

Finally, the conclusion that Jamie is neglected is supported by findings showing the virtual isolation from the outside world imposed upon him by his father. This isolation has prevented Jamie from developing normal social and independent living

skills. The evidence shows that before his father withdrew him from public school, Jamie was beginning to make progress socially by interaction with his peers. It is, therefore, important to Jamie's welfare that he be in school and associate with his peers in order to improve his social and independent living skills.

## II.

[2] Respondent argues that the trial court erred in granting legal custody of Jamie to DSS. We disagree.

Under N.C.G.S. § 7A-647(2)c., once a minor is adjudicated neglected, a judge has the authority to place the child in the custody of DSS. "[T]he natural and legal right of parents to the custody, companionship, control and bringing up of their children is not absolute. It may be interfered with or denied for substantial and sufficient reason, and it is subject to judicial control when the interest and welfare of the children require it." *In re McMillan*, 30 N.C. App. at 238, 226 S.E. 2d at 695. Judicial intervention is authorized because the welfare and best interest of the child is always treated as the paramount consideration. *In re Cusson*, 43 N.C. App. 333, 337, 258 S.E. 2d 858, 861 (1979).

In the case *sub judice*, the trial court concluded that Jamie had not received proper care and supervision and that steps needed to be taken to obtain necessary benefits that Jamie was entitled to receive. These conclusions and findings of fact were supported by the evidence and justify the trial court's conclusion that DSS should have legal custody of the child.

## III.

[3] Respondent argues that the court erred in ordering Jamie to return to public school. We disagree.

Respondent contends that he has a fundamental right in determining how to educate Jamie and the State has no authority to interfere with that right. Since SUSU meets all the statutory criteria for non-public schools, he argues that he can provide Jamie with a basic education and that he can meet whatever special needs Jamie has.

The court's order, however, was designed only to meet Jamie's special needs and was not an attempt to interfere with respondent's right to educate his own child. Jamie's special educa-

tional needs cannot be met by respondent at SUSU. Although SUSU meets all the statutory criteria for non-public schools, only the public schools in this case have the special training in teaching educationally or emotionally handicapped children that Jamie needs.

The court's order required that Jamie return to public school and that he enroll in special education classes. The emotionally handicapped class was intended to meet his emotional problems, while the educably mentally handicapped class was to address his delusional association and social retardation problems. These classes are designed to address Jamie's psychological and social needs which have not been met by respondent, and which are beyond the reach of anything he can provide for him at SUSU. Jamie was enrolled in these classes and was making progress in both of them before his father removed him from public school.

## IV.

Respondent's remaining arguments concern the trial court's other findings of fact. He argues that several of the findings were improper, while others were not supported by competent evidence in the record. Having reviewed the record, we find that all of the findings of fact were properly made and were adequately supported by competent evidence in the record.

For the reasons stated above, we affirm the decision of the trial court.

Affirmed.

Judges JOHNSON and EAGLES concur.