CHARLES JEFFREY ELROD v. LINDA GAINES ELROD

No. COA96-407

(Filed 18 February 1997)

**1. Trial § 559 (NCI4th)— Rule 59 motion to modify order— denied—assignments of error to original order—properly raised**

Assignments of error relating to alleged errors of law in an order in a visitation dispute requiring a mother to send her children to public school rather than home schooling them were properly before the Court of Appeals where the mother did not appeal from that order but filed a motion to modify within 10 days of its entry, the motion to modify did not specifically refer to N.C.G.S. § 1A-1, Rule 59, but alleged that the order was based on specifically enumerated errors of law, that motion was denied, and appeal was timely taken from the denial. The motion to modify was properly considered a Rule 59(e) request, although the mother had not entered any objection to the original order, because it was timely filed and the issues raised related to matters in the order as opposed to errors at trial. Because timely appeal was entered from the order denying the motion to modify, the assignments of error relating to the original order were properly before the Court of Appeals.

**Am Jur 2d, New Trial §§ 333 et seq.**

**2. Appeal and Error § 170 (NCI4th)— child visitation— requirement that children be in public school—subsequent order—requirement in abeyance—not moot**

A requirement in an order arising from a visitation dispute that the children be enrolled in public school rather than home schooled was not a moot question where a subsequent consent order had allowed the home schooling as long as the mother cooperated with the father's visitation. The prohibition against home schooling was not stricken but merely held in abeyance.

**Am Jur 2d, Appellate Review §§ 640 et seq.**

**3. Infants or Minors § 46 (NCI4th)— home schooling—visitation dispute—issue of home schooling not properly before court**

A portion of an order in a child visitation dispute requiring that the children attend public school rather than being home

ELROD v. ELROD

[125 N.C. App. 407 (1997)]

schooled was reversed where the previous order granting custody had reserved the issue of visitation rights. Once an order of custody is entered without any limitations with respect to the education of the children, that order can be modified only upon a showing of a substantial change in circumstances and upon the further showing that a modification of the custody order is in the best interests of the children. Here, there is no evidence or finding of any change of circumstances and the issue of whether it was in the best interests of the children to attend the public schools was not properly before the trial court.

**Am Jur 2d, Infants §§ 28 et seq.**

**Validity, construction, and application of Uniform Child Custody Jurisdiction Act. 96 ALR3d 968.**

**What types of proceedings or determinations are governed by the Uniform Child Custody Jurisdiction Act (UCCJ) or the Parental Kidnapping Prevention Act (PKPA). 78 ALR4th 1028.**

Appeal by defendant from order entered 22 January 1996 in Buncombe County District Court by Judge Gary S. Cash. Heard in the Court of Appeals 7 January 1997.

*Baley, Baley & Clontz, P.A., by Stanford K. Clontz, for plaintiff-appellee.*

*Thomas D. Roberts for defendant-appellant.*

GREENE, Judge.

Linda Gaines Elrod (Ms. Elrod) appeals from a 22 January 1996 Order denying her motion to modify a 14 August 1995 Order requiring her to "enroll the minor children in a public school."

Ms. Elrod and Charles Jeffrey Elrod (Mr. Elrod) were married in 1979 and two children were born of the marriage. The parties separated on 6 April 1994 and Ms. Elrod retained custody of the children. On 4 May 1994 Mr. Elrod filed an action seeking "specific visitation rights," alleging that Ms. Elrod had denied him any visitation with the children. Ms. Elrod filed an answer and counterclaim requesting that she "be granted the care, custody, and control of the minor children." On 4 October 1994 the trial court entered an Order granting custody of the children to Ms. Elrod and "held in abeyance" Mr. Elrod's claim

for visitation. On 17 March 1995 the trial court entered an Order permitting Mr. Elrod to visit with the children under "the direction and supervision of Mr. [Tim] Carlson," a family counselor.

On 5 June 1995 the trial court found Ms. Elrod in contempt of court because of her "failure to present the minor children to Mr. Carlson's office" for visitation as scheduled by Mr. Carlson. On 5 June 1995 the trial court appointed Dr. Smith Goodrum (Dr. Goodrum) to "assist the Court and the parties in the development of an appropriate plan for the minor children's visitation with" Mr. Elrod. Dr. Goodrum later reported to the trial court that Ms. Elrod was "home schooling" the children and that as a result, "their socialization and ability to care for themselves [was] very difficult." On 14 August 1995, the trial court concluded that "it would be in the best interest of the minor children to be enrolled in a public school" and ordered Ms. Elrod to so enroll the children. The Order also directed that Mr. Elrod have visitation with the children at Dr. Goodrum's office once it was determined that Mr. Elrod was "sufficiently stable" and after he received a "psychiatric evaluation." On 21 August 1995 Ms. Elrod filed a "Motion To Modify" the 14 August Order by striking the requirement that she enroll the children in the public schools. She alleged that the trial court committed an error of law in entering this directive. Upon denial of this motion Ms. Elrod timely appealed (on 15 February 1996) that denial to this Court. On 6 February 1996 the trial court, based on the "parties' consent," entered an Order allowing the children to be "home schooled . . . as long as [Ms. Elrod] cooperates with [Mr. Elrod's] visitation with the children."

---

The issues presented are whether: (I) this Court may review the 14 August 1995 Order for errors of law when Ms. Elrod did not timely appeal from that Order; (II) the issues raised in this appeal are moot because of the 6 February 1996 Order; and (III) the trial court erred, while determining Mr. Elrod's visitation rights, in requiring Ms. Elrod to send the children to public school.

I

[1] Ms. Elrod argues that the trial court committed errors of law when it entered its 14 August 1995 Order requiring her to send the children to public school. Although she did not appeal that Order, she did timely appeal the denial of her "Motion To Modify" that Order.

"The appropriate remedy for errors of law committed by the [trial] court is either appeal or a timely motion for relief under

ELROD v. ELROD

[125 N.C. App. 407 (1997)]

N.C.G.S. Sec. 1A-1, Rule 59(a)(8) (1983)." *Hagwood v. Odom*, 88 N.C. App. 513, 519, 364 S.E.2d 190, 193 (1988). Rule 59(e) provides that an order or judgment may be modified on any of the grounds listed in subsection (a), N.C.G.S. § 1A-1, Rule 59(e) (1990), including errors of law "occurring at the trial and objected to by the party making the motion." N.C.G.S. § 1A-1, Rule 59(a)(8) (1990). The motion seeking a modification must be "served not later than 10 days after entry of the judgment" or order. N.C.G.S. § 1A-1, Rule 59(e).

In this case, the "Motion To Modify" the 14 August 1995 Order was filed and served within 10 days of the entry of the Order and although not specifically referencing Rule 59, does allege that the 14 August Order was based on specifically enumerated errors of law. Although Ms. Elrod had not prior to the filing of the motion entered any objection to the Order, because the motion was timely filed and because the issues raised in the motion relate to matters in the Order (as opposed to errors allegedly occurring during a trial), it is properly considered a Rule 59(e) request to modify the 14 August Order because of errors of law. Because timely appeal was entered from that Order, the assignments of error relating to the alleged errors of law committed in the entry of the 14 August 1995 Order are properly before this Court.

II

[2] "In state courts the exclusion of moot questions from determination is not based on a lack of jurisdiction but rather represents a form of judicial restraint." *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied, Peoples v. Judicial Standards Comm'n of North Carolina*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). "Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law." *Id.*

Mr. Elrod argues that because the trial court (on 6 February 1996) entered a consent Order allowing Ms. Elrod to home school the children, there is no longer any controversy between the parties with respect to that issue, the only issue raised on appeal. We disagree. The 6 February Order only provides Ms. Elrod relief from the 14 August 1995 Order (requiring public school for the children) "as long as [she] cooperates with [Mr. Elrod's] visitation with the children." In other words, the prohibition against home schooling has not been

stricken from the 14 August Order, its enforcement is merely being held in abeyance. Ms. Elrod has neither received the relief she has requested nor has the controversy between the parties with regard to home schooling been settled. Until this issue is settled, the possibility of the reinstatement of the public school requirement will continue to cloud or indirectly influence the issues of visitation.

## III

[3] In this case the trial court, at the time of the 4 October 1994 Order granting custody to Ms. Elrod, reserved the issue of Mr. Elrod's visitation rights. Thus that issue remained before the trial court and it was authorized to enter such orders with respect to visitation as were "in the best interest" of the children. *In re Jones*, 62 N.C. App. 103, 105, 302 S.E.2d 259, 260 (1983). This broad grant of authority, however, did not permit the trial court to enter an order prohibiting the custodial parent from home schooling the children when there is no evidence in this record suggesting that the home schooling interfered with Mr. Elrod's visitation rights. Indeed the record reveals the trial court delayed any implementation of child visitation privileges for Mr. Elrod because he was in need of psychiatric care.

We recognize that the trial court in a child custody proceeding is not precluded from prohibiting in some circumstances, as a condition of the custody grant, the home schooling of the children, cf. *In re McMillan*, 30 N.C. App. 235, 237, 226 S.E.2d 693, 695 (1976) (children adjudicated neglected where parents did not send them to school), even if the home schooling is recognized as legal. *Cf. In re Devone*, 86 N.C. App. 57, 61, 356 S.E.2d 389, 391 (1987) (mentally retarded child adjudicated neglected where parent taught the child at home although the home schooling met "all the criteria for non-public schools"). Once, however, an order of custody is entered without any limitations with respect to the education of the children, that order can be modified only upon a showing of a substantial change in circumstances and upon the further showing that a modification of the custody order (including limitations on the custody grant) is in the best interest of the children. *MacLagan v. Klein*, 123 N.C. App. 557, 565, 473 S.E.2d 778, 787 (1996) (affirming trial court's restriction of parental discretion in child's religious training). In this case there is no evidence of any change of circumstances and indeed the trial court made no such finding. Thus the issue of whether it was in the best interest of the children to attend the public schools was not properly before the trial court and could not support the imposition of a limitation on Ms. Elrod's custody grant.

**COLLINS & AIKMAN PRODUCTS CO. v. HARTFORD ACCIDENT & INDEM. CO.**

[125 N.C. App. 412 (1997)]

Accordingly that portion of the 14 August 1995 Order requiring Ms. Elrod to enroll the children in the public schools is

Reversed.

Judges EAGLES and MARTIN, John C., concur.