DAVID K. METZ, PLAINTIFF v. SUSAN D. METZ, DEFENDANT

No. COA99-982

(Filed 20 June 2000)

**1. Child Support, Custody, and Visitation— custody—modification—substantial change of circumstances—best interests**

The trial court did not abuse its discretion in modifying custody by awarding permanent custody to plaintiff-father based on his showing of a substantial change of circumstances involving the father's reformed lifestyle because: (1) the requisite change may be beneficial, instead of merely adverse; and (2) a change in custody would be in the best interests of the child.

**2. Child Support, Custody, and Visitation— custody—modification—best interests—home schooling**

The trial court did not err in a custody modification action by looking at the child's home schooling situation in addressing his best interests because: (1) in custody matters, the trial court under the doctrine of parens patriae may preclude or otherwise limit certain educational options when the circumstances are appropriate; and (2) the child's Tourette's syndrome and his resulting motor and verbal tics required specialized attention that was not being address by defendant-mother's home schooling, but was addressed by the public schools where plaintiff-father placed the child.

Appeal by defendant from order entered 13 April 1999 by Judge C. Christopher Bean in Gates County District Court. Heard in the Court of Appeals 26 April 2000.

METZ v. METZ

[138 N.C. App. 538 (2000)]

*Perry W. Martin for plaintiff-appellee.*

*Thomas D. Roberts for defendant-appellant.*

LEWIS, Judge.

Plaintiff and defendant married on 28 December 1987. Together, they had one child, Nicholas, born 22 June 1988. From the outset, the parties' marriage was volatile, to say the least. Plaintiff regularly abused defendant, both physically and emotionally. He also abused alcohol; on four occasions, he was convicted of driving while intoxicated, and on several other occasions, he was arrested for public drunkenness and disorderly conduct. The physical abuse culminated on 12 April 1989, when plaintiff severely choked and nearly strangled defendant. The next day, defendant took Nicholas and checked in to a nearby shelter for victims of domestic violence. On 6 July 1989, the trial court awarded her custody of Nicholas. The parties officially divorced on 5 November 1990.

Since the initial custody order, plaintiff has completely reformed his life. He is now a licensed minister in the Association of Evangelical Ministers and works as a chaplain. He also manages an apartment complex, from which he earns approximately $24,000 per year. He has remarried and has not consumed alcohol in nine years. In fact, no drugs or alcohol are allowed in his home. Meanwhile, defendant has been unable to keep a steady job since the initial custody order. In addition, she has frequently moved between public housing and various rental homes within Pasquotank and Perquimans Counties.

Also since the original order, Nicholas has developed Tourette's syndrome. He presently suffers from various motor and vocal tics. Due to the Pasquotank County public school system's inability to meet Nicholas' special needs, including specialized speech therapy, defendant began home schooling Nicholas in September 1997.

On 13 October 1997, plaintiff filed a motion for modification of child custody, citing his reformed life and the decision to home school Nicholas as reasons for the change. The trial court concluded that a substantial change of circumstances had occurred and awarded plaintiff custody on a temporary basis, beginning 17 August 1998. After an eight-month trial period, the trial court awarded permanent custody of Nicholas to plaintiff on 13 April 1999. From this order, defendant appeals.

**[1]** A child custody order may be modified at any time upon a showing of a substantial change of circumstances. N.C. Gen. Stat. § 50-13.7(a) (1999). The party seeking the custody change has the burden of showing the requisite change. *Blackley v. Blackley*, 285 N.C. 358, 362, 204 S.E.2d 678, 681 (1974). The trial court here concluded that a substantial change had occurred, relying heavily on plaintiff's reformed lifestyle. Defendant contends the requisite change must be one that adversely affects the welfare of the child. Thus, because the underlying changes here deal more with plaintiff's reformed lifestyle as opposed to any adverse changes in defendant's lifestyle, she claims plaintiff has not met his burden of showing a substantial change. We disagree.

The "adverse effect" cases cited by defendant have all been recently overruled by our Supreme Court. *Pulliam v. Smith*, 348 N.C. 616, 620 n.1, 501 S.E.2d 898, 900 n.1 (1998). *Pulliam* emphasized that the requisite change may be one that is, or is likely to be, beneficial to the child as well. *Id.* at 619-20, 501 S.E.2d at 899-900. In particular, that court stated:

> In reviewing a request for modification of custody, courts may not limit the inquiry as to what constitutes the best interests of the child solely to a consideration of those changes in circumstances which it has found to exist and which may *adversely* affect that child. . . . Rather, courts must consider and weigh all evidence of changed circumstances which affect or will affect the best interests of the child, both changed circumstances which will have salutary effects upon the child and those which will have adverse effects upon the child.

*Id.* at 619, 501 S.E.2d at 899. Thus, the trial court did not err by relying on beneficial changes in plaintiff's lifestyle to conclude that a substantial change affecting the child's welfare had occurred. There is competent evidence in the record to support this conclusion and we will not disturb it on appeal. *See Best v. Best*, 81 N.C. App. 337, 343, 344 S.E.2d 363, 367 (1986) ("Modification of a custody decree . . . must be supported by findings of fact that there has been a substantial change in circumstances affecting the welfare of the child[]. The court's findings are conclusive if supported by competent evidence even if there is evidence *contra* or incompetent evidence in the record.") (citation omitted).

Once the trial court makes the threshold determination that a substantial change has occurred, the court then must consider

**METZ v. METZ**

[138 N.C. App. 538 (2000)]

whether a change in custody would be in the best interests of the child. *Ramirez-Barker v. Barker*, 107 N.C. App. 71, 77, 418 S.E.2d 675, 678 (1992), *overruled on other grounds by Pulliam v. Smith*, 348 N.C. 616, 501 S.E.2d 898 (1998). As long as there is competent evidence to support the trial court's findings, its determination as to the child's best interests cannot be upset absent a manifest abuse of discretion. *King v. Allen*, 25 N.C. App. 90, 92, 212 S.E.2d 396, 397, *cert. denied*, 287 N.C. 259, 214 S.E.2d 431 (1975).

Here, the trial court made the following findings with respect to Nicholas' best interests: (1) plaintiff's present lifestyle would be better suited to providing Nicholas with the proper structure and educational opportunities he needs; (2) defendant's job would require her to be away from Nicholas in the evenings, leaving him in the care of others; (3) defendant's home schooling of Nicholas would not meet his social and educational needs; (4) since plaintiff enrolled Nicholas in the Gates County public schools during the trial custody period, Nicholas has exhibited "phenomenal" improvement with respect to his stuttering and motor tics due to specialized speech therapy he is receiving; (5) plaintiff lives in a spacious new home in which Nicholas has his own bedroom and bathroom; and (6) defendant lives in an overcrowded rental home in which Nicholas must share a bathroom with four other people. There is competent evidence in the record to support these findings, and we hold that the trial court committed no abuse of discretion by concluding that a modification of custody was in Nicholas' best interests.

**[2]** Defendant also contends that the trial court's findings with respect to the issue of home schooling versus public schooling punished her for exercising her constitutional right to educate Nicholas as she saw fit. We disagree.

Generally speaking, the custodial parent has the right to make decisions regarding the form, manner, and extent of a child's education. *Zande v. Zande*, 3 N.C. App. 149, 156, 164 S.E.2d 523, 528 (1968). Home schooling has been specifically authorized by statute as one such form of educating children. N.C. Gen. Stat. § 115C-564 (1999). But in custody matters, the trial court, under the doctrine of *parens patriae*, may preclude or otherwise limit certain educational options when the circumstances are appropriate. *Elrod v. Elrod*, 125 N.C. App. 407, 411, 481 S.E.2d 108, 111 (1997); *see also Clark v. Reiss*, 831 S.W.2d 622, 625 (Ark. Ct. App. 1992); *Bowman v. Bowman*, 686 N.E.2d 921, 927 (Ind. Ct. App. 1997); *King v. King*, 638 N.Y.S.2d 980, 981 (App. Div. 1996). Here, Nicholas' Tourette's syndrome, and the result-

ing motor and verbal tics, required specialized attention that was not being addressed by defendant's home schooling, but was being addressed by the Gates County public schools. Accordingly, the trial court did not err by looking at Nicholas' home schooling situation in addressing his best interests.

Affirmed.

Judges MARTIN and WALKER concur.