ARROWOOD, Judge.
*199 Angela E. Joseph ("defendant") appeals from an order modifying custody of minor child ("J.J.") and granting sole legal and primary physical custody to Dexter D. Peeler ("plaintiff"). For the reasons stated herein, we affirm.
I. Background
Plaintiff and defendant engaged in a relationship that resulted in the birth of one minor child in April 2010. Plaintiff filed an action for custody of the minor child, J.J., on 9 December 2011. The matter came on for trial before the Honorable Charlotte Brown on 14 and 17 September 2012. Thereafter, the trial court entered a permanent custody order on 14 May 2013, which granted the parties joint legal custody, and awarded defendant primary physical custody.
Plaintiff filed a Rule 35 motion on 30 August 2013. The motion alleged J.J. had been diagnosed with chronic constipation, external hemorrhoid, and fecal impaction. It further alleged that due to defendant's "history of mistrust and/or disdain for [plaintiff] ... the parties are generally unable to be on one (1) accord as it relates to the care and treatment of the minor child." Plaintiffs' motions were heard before the Honorable Charlotte Brown on 22 November 2013. A hand-written order modifying custody was filed on 22 November 2013 and an identical typed order was filed 7 February 2014. Both orders ordered the parties to share physical custody on an alternating two week schedule, vested plaintiff with the right to make decisions regarding education, and vested defendant with the right to make decisions regarding health.
*200 On 24 October 2016, plaintiff filed a Rule 35 and Rule 706 motion to request the trial court appoint an expert "to conduct an evaluation and/or oral challenge" of J.J., due to the parties' inability to "agree upon the appropriate medical care" of the minor child due to the parties' "impassable deadlock on whether the minor child has a dairy intolerance and/or food allergy." On 28 October 2016, plaintiff filed a motion to modify custody, alleging changed circumstances, including that the minor child had allergies, eczema, and hives and bumps, and again alleging the parties have reached a deadlock on whether the minor child has a dairy intolerance and/or food allergy. Defendant denied the allergies existed, even though a blood test taken since the 22 November 2013 and 7 February 2014 orders indicated the minor child has a milk allergy.
*158 Plaintiff's motions were heard on 10 January 2017. The trial court appointed Dr. Akiba Green, D.C. ("Dr. Green") as the court's expert and ordered that he evaluate J.J. and "determine the existence of any and all food allergies and/or intolerances including, but not limited to, any and all delayed food allergies." Dr. Green evaluated J.J. and found J.J. "is allergic to cow's milk, egg white and wheat" and "has delayed reactions to dairy, gluten, tapioca, teff, and quinoa." Despite Dr. Green's findings, defendant continued to deny J.J.'s allergies exist.
On 3 November 2017, the trial court entered an order granting plaintiff's motion to modify custody and awarding plaintiff sole legal and primary physical custody of J.J., with defendant allowed visitation every other weekend, from Thursday after the child is released from school, afterschool and/or summer camp until Monday morning when school and/or summer camp resumes, and shared holiday visitation.
Defendant appeals.
II. Discussion
Defendant raises four arguments on appeal: (1) whether the trial court erred by concluding a substantial change in circumstances affecting the welfare of the child occurred since the entry of the 22 November 2013 and 21 February 2014 orders; (2) whether the trial court erred in finding defendant is in "absolute denial" of the minor child's medical problems; (3) whether the trial court erred by failing to admit a letter from a certified pediatric nurse practitioner into evidence; and (4) whether the trial court erred in concluding it is in the minor child's best interest for plaintiff to have sole legal and primary physical custody. We address each argument in turn.
*201 A. Substantial Change in Circumstances
Defendant argues the trial court erred by concluding a substantial change in circumstances affecting the welfare of the child occurred since the entry of the 22 November 2013 and 21 February 2014 orders. We disagree.
"A trial court may order the modification of an existing child custody order if the court determines that there has been a substantial change of circumstances affecting the child's welfare and that modification is in the child's best interests." Spoon v. Spoon , 233 N.C. App. 38, 41, 755 S.E.2d 66, 69 (2014) (citation omitted). Our court reviews a trial court's decision to modify an existing custody order for: "(1) whether the trial court's findings of fact are supported by substantial evidence; and (2) whether those findings of fact support its conclusions of law." Id. (citation omitted). "[W]hether changed circumstances exist is a conclusion of law" that we review de novo . Thomas v. Thomas , 233 N.C. App. 736, 739, 757 S.E.2d 375, 379 (2014) (citation omitted).
"The reason behind the often stated requirement that there must be a change of circumstances before a custody decree can be modified is to prevent [r]elitigation of conduct and circumstances that antedate the prior custody order[,]" which "prevents the dissatisfied party from presenting those circumstances to another court in the hopes that different conclusions will be drawn." Newsome v. Newsome , 42 N.C. App. 416, 425, 256 S.E.2d 849, 854 (1979). Accordingly, "courts may only consider events which occurred after the entry of the previous order" when deciding whether a substantial change in circumstances occurred, and information previously disclosed to the court prior to the hearing on the motion to modify custody is res judicata with regard to a substantial change in circumstances determination. Woodring v. Woodring , 227 N.C. App. 638, 646, 745 S.E.2d 13, 20 (2013) (citations omitted).
However, a trial court treats facts that antedate the original custody order differently when they were not disclosed to the court before the original order was entered. Consistent with the reason behind the substantial change in circumstances requirement, to prevent relitigation of conduct and circumstances, facts previously undisclosed are not barred by res judicata and may be considered when evaluating whether a substantial change in circumstances has occurred. Id.
Plaintiff's 30 August 2013 Rule 35 motion alleged the minor child had been diagnosed with chronic constipation, external hemorrhoid *159 , and fecal impaction. The motion further alleged that due to:
*202 a history of mistrust and/or disdain for [plaintiff] ... the parties are generally unable to be on one (1) accord as it relates to the care and treatment of the minor child. As a result, when [plaintiff] communicated [medical information about the child] to [defendant] she disregarded it and refused to follow the medical treatment plan ... because she believed that the information was contrived and created by [plaintiff].
Plaintiff's motion requested the court:
1. Order the minor child to undergo a full physical evaluation to determine the health of the minor child as it relates to constipation, allergies, and/or excema [sic ].
2. Direct the parties to follow any and all recommendations of the court appointed pediatrician.
3. For such other and further relief as the Court deems just and proper.
In its 22 November 2013 and 21 February 2014 orders, the trial court did not address whether the child would undergo a physical evaluation by a court ordered pediatrician. Instead, the trial court vested defendant with the power to make decisions regarding health, apparently addressing the allegation that the parties had "been generally unable to agree on a proper medical protocol for the minor child." There is no evidence in the record that the trial court considered the child's specific health needs or was aware that plaintiff believed the child had allergies when drafting the 22 November 2013 or 21 February 2014 order.
On 24 October 2016, plaintiff filed another Rule 35 and Rule 706 motion, and moved to modify custody on 28 October 2016. In both motions, plaintiff again alleged "the parties are generally unable to be on one (1) accord as it relates to the care and treatment of the minor child." Plaintiff also alleged there was "an impassable deadlock on whether the minor child has a dairy intolerance and/or food allergy[,]" and that "[t]his issue has permeated through every other aspect of the minor child's life." Plaintiff alleged he observed symptoms such as eczema flare ups, constipation, hives and bumps that led him to believe the minor child has allergies that need to be addressed. Additionally, plaintiff obtained blood allergy testing for the minor child that indicated she has a milk allergy.
The trial court appointed Dr. Green as an expert witness to evaluate whether the minor child has food allergies and/or intolerances. Dr. *203 Green found that the minor child is allergic to cow's milk, egg white, and wheat, and has delayed reactions to dairy, gluten, tapioca, teff, and quinoa. Despite these findings, defendant continued to deny the minor child has allergies. Accordingly, the trial court found a substantial change in circumstances based on the finding that "the minor child suffers from food allergies, chronic constipation, eczema, skin problems and the like to a severe level[,]" and defendant is in "absolute denial of her child's" medical problems.
Defendant argues that a change in circumstances did not occur because "the issue of [the minor child's] food allergies had already been raised by [plaintiff] prior to the 29 October 2013 custody review hearing[.]" We disagree.
Although plaintiff had concerns that the minor child had allergies at the time the court's 21 February 2014 custody order was entered and requested that the court order a medical evaluation to determine whether the child had allergies, the order only addresses the parties' inability to agree on a medical treatment plan and there is no evidence in the record that the minor child's specific medical issues were considered by the trial court. Nevertheless, there was a change in factual circumstances since the entry of the original child custody order, not just in what was disclosed or considered by the court. Specifically, plaintiff alleged the minor child exhibited new symptoms: eczema, hives, and bumps, and offered results from a blood test that was not performed until after the entry of the 21 February 2014 order that indicated the minor child has an allergy. Furthermore, the court-appointed expert determined that the minor child has allergies, which constitutes a change in circumstances affecting the minor child.
*160 Therefore, defendant's argument is without merit. The findings of fact related to the minor child's allergies were appropriately considered by the trial court, and sufficient to support the trial court's conclusion that a substantial change in circumstances occurred.
B. Finding of Fact 16
Next, defendant argues finding of fact 16 is not supported by substantial evidence.
Finding of fact 16 found: "[defendant] is in absolute denial of her child's problems medically. She has refused to take steps to alter her diet for the minor child's benefit." Defendant contends this finding is not supported by substantial evidence because her opinion that the minor child does not have a food allergy is supported by other medical professionals *204 in the record. However, defendant does not challenge any other finding of fact, therefore, all other findings are "presumed to be supported by competent evidence and [are] binding on appeal." Koufman v. Koufman , 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991) (citations omitted). Significantly, the following findings of fact are unchallenged, and therefore conclusive on appeal:
11. Plaintiff/Father has obtained blood allergy testing results that indicated that the minor child has a milk allergy. Plaintiff/Father has repeatedly asked Defendant/Mother not to give the minor child milk. Defendant/Mother has refused to acknowledge that the minor child has a milk allergy. Still to this day, Defendant/Mother does not believe that the minor child has a milk allergy.
12. The Court appointed an expert to get to the bottom of what is going on with the minor child medically. Dr. Akiba Green ... was the court appointed expert to determine what was going on with the minor child.
13. Dr. Green evaluated the minor child and did extensive testing beyond the normal allergy testing. His findings were that the minor child is allergic to cow's milk, egg white and wheat. He also found that the minor child has delayed reactions to dairy, gluten, tapioca, teff, and quinoa.
14. Dr. Green recommended long term elimination of rice and oats because the minor child's reaction to them is similar to gluten. He found that the minor child had "leaky gut," blood sugar problems and was trending towards diabetes.
15. The Court finds that the minor child has a history of chronic constipation, hemorrhoids, fissures, eczema, hives and other symptoms that Defendant/Mother completely discounts or denies that the symptoms exist. Defendant/Mother continues to deny the issues, despite the fact that the minor child was seen as early as June 2017 for stomach issues while in Defendant/Mother's care.
These uncontested findings of fact provide substantial support for the court's determination in finding of fact 16 that the mother is in denial of the child's medical condition and her refusal to take steps to remedy the same. Because the court's uncontested findings show the child suffers *205 from health conditions that need to be treated, the fact that defendant has chosen to believe other opinions does not make finding of fact 16 incorrect or unsupported by substantial evidence. Therefore, defendant's argument is without merit.
C. Admissibility of Opinion Letter
Defendant argues the trial court erred by excluding a 13 July 2017 letter from a certified pediatric nurse practitioner, Ms. Deanna Whitley, that reviews Dr. Green's report on the minor child's health. Defendant contends this letter is part of the minor child's medical records from Cabarrus Pediatrics, and should have been admitted under the business records exception to the hearsay rule. We disagree.
The standard of review on admissibility of evidence is abuse of discretion. In re Goddard & Peterson, PLLC , --- N.C. App. ----, ----, 789 S.E.2d 835, 842 (2016). Rule 801 of the North Carolina Rules of Evidence defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to *161 prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, Rule 801(c) (2017). Hearsay is generally not admissible at trial, unless otherwise allowed by statute or the North Carolina Rules of Evidence. N.C. Gen. Stat. § 8C-1, Rule 802. Deriving from the traditional business records exception, Rule 803(6) of the North Carolina Rules of Evidence establishes an exception to the general exclusion of hearsay for records of regularly conducted activity, which the rules define as:
A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if (i) kept in the course of a regularly conducted business activity and (ii) it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit or by document under seal under Rule 902 of the Rules of Evidence made by the custodian or witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. Authentication of evidence by affidavit shall be confined to the records of nonparties, and the proponent of that evidence shall give advance notice to all other parties of intent to offer the evidence with authentication by affidavit. The term "business" as used in this *206 paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.
N.C. Gen. Stat. § 8C-1, Rule 803(6).
The exhibit in question was a letter authored by a certified nurse practitioner at the request of defendant and her counsel. The letter specifically refutes Dr. Green's report, and appears to have been drafted to be submitted to the trial court for this purpose. As pediatrician offices are not in the regular practice of producing opinion letters on expert reports for court, this letter fails to meet Rule 803(6) 's requirements that the record was kept in the course of a regularly conducted business activity, and that it was the regular practice of that business activity to make the memorandum, report, record, or data compilation. See id. Therefore, the trial court did not abuse its discretion by excluding the letter from evidence.
D. Best Interests Determination
As her final argument, defendant contends that the trial court abused its discretion by concluding that it is in the minor child's best interests for plaintiff to have sole legal and primary physical custody of the minor child because the trial court based its "best interest" analysis almost exclusively on the trial court's findings that defendant has failed to acknowledge and manage the minor child's medical issues.
"Once the trial court makes the threshold determination that a substantial change has occurred, the trial court then must consider whether a change in custody would be in the best interests of the child." West v. Marko , 141 N.C. App. 688, 691, 541 S.E.2d 226, 228 (2001) (citation omitted). "As long as there is competent evidence to support the trial court's findings, its determination as to the child's best interests cannot be upset absent a manifest abuse of discretion." Metz v. Metz , 138 N.C. App. 538, 541, 530 S.E.2d 79, 81 (2000) (citation omitted). Here, defendant only challenged one finding of fact, finding of fact 16, which, as discussed supra , is supported by substantial evidence. Therefore, all of the findings of fact are binding on appeal, and the best interests determination cannot be upset absent a manifest abuse of discretion. Id. (citation omitted).
Where, as here, the trial court's findings of fact found defendant has refused to acknowledge the minor child's allergies even though extensive, court-ordered testing found that these allergies exist, the trial court did not abuse its discretion by concluding it was in the minor child's best *207 interests for plaintiff to have sole legal and primary physical custody to promote the minor child's general welfare and health.
III. Conclusion
For the forgoing reasons, we affirm the 3 November 2017 order.
AFFIRMED.
*162 Judge INMAN concurs.
Judge TYSON dissents by separate opinion.