IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-403

No. COA21-156

Filed 21 June 2022

Cabarrus County, No. 08 CVD 4467

KATHERINE GLEDHILL CASH (now MCGEE), Plaintiff,

v.

MATTHEW CASH, Defendant.

Appeal by defendant from order entered 9 March 2020 by Judge Juanita Boger-Allen in District Court, Cabarrus County. Heard in the Court of Appeals 30 November 2021.

*Fox Rothschild LLP, by Michelle D. Connell and Kip D. Nelson, for plaintiff-appellee.*

*Plumides, Romano & Johnson, P.C., by Richard B. Johnson, for defendant-appellant.*

STROUD, Chief Judge.

¶ 1 Defendant-Father appeals from a trial court's order denying his motion to modify a child custody order. Defendant challenges the trial court's order on four grounds, but we only reach one issue. Because consideration of the effect of changes in circumstances of the minor child includes consideration of how those changes affect the best interests of the child, the trial court abused its discretion by strictly bifurcating the hearing of Defendant's motion to modify the existing child custody

order and preventing Defendant from presenting evidence regarding his contentions regarding the best interests of the child. We therefore vacate and remand for the trial court to hold a new hearing where both parties shall be allowed to present evidence regarding the motion for modification, including evidence regarding their contentions as to how the changes in circumstances may affect the best interests of the child, either negatively or positively, and for the court to enter a new order ruling on Defendant's motion to modify the child custody order following the hearing.

## I. Background

¶ 2 Defendant-Father and Plaintiff-Mother married in 2007 and had one child in 2008. As part of their subsequent divorce, they entered into a consent child custody order on 12 February 2010. The consent child custody order granted primary legal and physical custody to Plaintiff with regular weekly and weekend visitation for Defendant as well as holiday visitation, summer visitation, and further visitation as the parties agreed. When the consent order was entered, the child was about a year and a half old.

¶ 3 During the next few years, Plaintiff remarried and had additional children. The child whose custody is at issue here began school and began receiving additional academic support as needed, including speech therapy and tutoring in math and reading. The child was also diagnosed with ADD and started medication as a result. Defendant only exercised his summer visitation twice and had different job schedules

that affected his regular visitation. To account for the disruptions to Defendant's regular visitation, the parties agreed to allow Defendant additional visitation. Perhaps due to these accommodations as to the visitation schedule, Defendant did not file any contempt or modification motions for many years.

¶ 4 On or about 14 August 2018, Defendant filed a motion to modify the child custody order alleging a "substantial and material change in the circumstances" since the time of the consent custody order. Specifically, Defendant alleged: Plaintiff had denied him visitation; Plaintiff had placed conditions on contact with the child, including Defendant paying her more money; Plaintiff had blocked Defendant on the child's cellphone; Plaintiff berated Defendant in front of the child, "which is not in the best interest of the minor child"; Plaintiff told Defendant the child does not want custody to change; the child cries when Defendant drops him off at Plaintiff's residence and asks to spend more time with Defendant, which Plaintiff does not allow; Plaintiff does not keep Defendant informed about the child's medical treatment or medications; Plaintiff "interrogates the minor child" after his visitation with Defendant about Defendant's romantic relationships; Plaintiff schedules the child's activities for weekends Defendant has visitation; Plaintiff does not allow the child to be involved with sports; Plaintiff has other children and cannot devote enough time to care for the parties' child; and Defendant has his own house and accommodations for the child. Defendant also alleged "[i]t is in the best interest of all parties" to give

Defendant primary custody of the child with appropriate visitation and requested modification of the consent child custody order.

¶ 5         The trial court held a hearing on the motion to modify the child custody order over two days, 2 October 2019 and 13 February 2020. At the hearing, Defendant presented testimony from five witnesses: himself, two co-workers of Defendant, Defendant's new wife, and Plaintiff. All the witnesses discussed the parties' current circumstances to address Defendant's allegation of substantial and material changes in circumstances since the entry of the consent custody order. But the trial court limited the Defendant's presentation of evidence regarding the best interest of the child, as discussed in more detail below.

¶ 6         In addition to Defendant's five witnesses, the trial court heard from the minor child off the record in chambers with both parties' attorneys present. Plaintiff did not present any evidence.

¶ 7         On 9 March 2020, the trial court entered an order denying Defendant's motion to modify the child custody order. First, the trial court recounted the consent custody order and incorporated it by reference. Then, the trial court recounted several changes since the entry of the consent custody order. Specifically, the trial court found: the child had grown from age one to age ten; the child had started school and received the additional support recounted above; the child had been diagnosed with ADD and been prescribed medication to treat it; both parties had remarried; and

Plaintiff had additional children. The trial court also made Findings regarding the parties' current circumstances such as their employment statuses. Finally, the trial court made Findings on all of Defendant's allegations and either found a lack of (credible) evidence to support them or found evidence that contradicted the allegations. Based on those Findings, the trial court further found and concluded Defendant "failed in his burden of demonstrating a substantial and material change in circumstances affecting" the child's welfare. Therefore, the trial court denied Defendant's motion to modify the existing child custody order.

¶ 8    Following the trial court's order, Defendant filed a motion for North Carolina Rule of Civil Procedure 59 relief.[1] The trial court denied the Rule 59 motion, and Defendant filed a written notice of appeal.

## II.    Analysis

¶ 9    Defendant challenges four components of the order denying his motion to modify the existing child custody order. First, he argues "the trial court abused its discretion by determining there had not been a substantial change of circumstances." (Capitalization altered.) Second, he contends parts of Finding of Fact 10(w) "are not supported by the evidence." (Capitalization altered.) Third, Defendant alleges "the

---

[1] The Rule 59 motion tolled the 30-day time period for taking an appeal. *See* N.C. R. App. P. 3(c)(3) ("[I]f a timely motion is made by any party for relief under Rules 50(b), 52(b) or 59 of the Rules of Civil Procedure, the thirty-day period for taking appeal is tolled as to all parties until entry of an order disposing of the motion . . . .").

trial court abused its discretion when it failed to make any Findings of Fact regarding its interview of the minor child and the wishes of the minor child." (Capitalization altered.) Finally, Defendant argues the trial court abused its discretion "when it prevented [him] from presenting evidence because it misunderstood the two prong test for a motion to modify child custody." (Capitalization altered.) We agree with Defendant's final argument, so we do not reach his other three arguments. We address that issue after explaining the general law on modifying child custody orders and the standard of review.

¶ 10 An existing child custody order "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances . . . ." N.C. Gen. Stat. § 50-13.7(a) (2019). Applying that statute in practice, the trial court has a multi-part analytical process:

> The trial court must determine whether there was a change in circumstances and then must examine whether such a change affected the minor child. If the trial court concludes either that a substantial change has not occurred or that a substantial change did occur but that it did not affect the minor child's welfare, the court's examination ends, and no modification can be ordered. If, however, the trial court determines that there has been a substantial change in circumstances and that the change affected the welfare of the child, the court must then examine whether a change in custody is in the child's best interests. If the trial court concludes that modification is in the child's best interests, only then may the court order a modification of the original custody order.

*Shipman v. Shipman*, 357 N.C. 471, 474, 586 S.E.2d 250, 253 (2003); *see also Lamm v. Lamm*, 210 N.C. App. 181, 185–86, 707 S.E.2d 685, 689 (2011) (explaining a trial court must make three separate conclusions to modify a child custody order: "(1) that 'there has been a substantial change in circumstances,' (2) that the substantial 'change affected the minor child,' and (3) that 'a modification of custody [is] in the child's best interests[.]'" (quoting *Shipman*, 357 N.C. at 475, 586 S.E.2d at 254) (alterations in original)).

¶ 11   The requirement for a showing of changed circumstances reflects that

> [a] decree of custody is entitled to such stability as would end the vicious litigation so often accompanying such contests unless it be found that some change of circumstances has occurred affecting the welfare of the child so as to require modification of the order. To hold otherwise would invite constant litigation by a dissatisfied party so as to keep the involved child constantly torn between parents and in a resulting state of turmoil and insecurity. This in itself would destroy the paramount aim of the court, that is, that the welfare of the child be promoted and subserved.

*Pulliam v. Smith*, 348 N.C. 616, 620, 501 S.E.2d 898, 900 (1998) (quoting *Shepherd v. Shepherd*, 237 N.C. 71, 75, 159 S.E.2d 357, 361 (1968)) (alteration in original). The trial court's paramount focus on the welfare of the child thus reinforces the other part of the modification standard, the requirement that the modification be in the child's best interest. *See Shipman*, 357 N.C. at 474, 586 S.E.2d at 253 ("As in most child custody proceedings, a trial court's principal objective is to measure whether a change

in custody will serve to promote the child's best interests.").

¶ 12      When conducting its analysis, the trial court must heed two different burdens

of proof. "The party moving for modification bears the burden of demonstrating" a

substantial change in circumstances affecting the welfare of the child has occurred.

*Hibshman v. Hibshman*, 212 N.C. App. 113, 120, 710 S.E.2d 438, 443 (2011)

(quotations and citation omitted). As to the best interest of the child, however, "there

is no burden of proof on either party . . . ." *Lamond v. Mahoney*, 159 N.C. App. 400,

405, 583 S.E.2d 656, 659 (2003). "Instead, the parties have the obligation to present

whatever evidence they believe is pertinent in deciding the best interests of the child.

The trial court bears the responsibility of requiring production of any evidence that

may be competent and relevant on the issue." *Id.*, 159 N.C. App. at 405, 583 S.E.2d

at 659–60 (quotations and citations omitted). With this background on child custody

modification law, we now turn to our standard of review of the trial court's

determinations followed by Defendant's argument.

**A. Standard of Review**

¶ 13      Our Supreme Court has explained in detail how appellate courts review child

custody modification orders:

> When reviewing a trial court's decision to grant or deny a
> motion for the modification of an existing child custody
> order, the appellate courts must examine the trial court's
> findings of fact to determine whether they are supported
> by substantial evidence. Substantial evidence is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Our trial courts are vested with broad discretion in child custody matters. This discretion is based upon the trial courts' opportunity to see the parties; to hear the witnesses; and to detect tenors, tones, and flavors that are lost in the bare printed record read months later by appellate judges. Accordingly, should we conclude that there is substantial evidence in the record to support the trial court's findings of fact, such findings are conclusive on appeal, even if record evidence might sustain findings to the contrary.

In addition to evaluating whether a trial court's findings of fact are supported by substantial evidence, this Court must determine if the trial court's factual findings support its conclusions of law. With regard to the trial court's conclusions of law, our case law indicates that the trial court must determine whether there has been a substantial change in circumstances and whether that change affected the minor child. Upon concluding that such a change affects the child's welfare, the trial court must then decide whether a modification of custody was in the child's best interests. If we determine that the trial court has properly concluded that the facts show that a substantial change of circumstances has affected the welfare of the minor child and that modification was in the child's best interests, we will defer to the trial court's judgment and not disturb its decision to modify an existing custody agreement.

*Shipman,* 357 N.C. at 474–75, 586 S.E.2d at 253–54 (quotations and citations omitted).

¶ 14     The dispositive issue here—the trial court preventing Defendant from presenting certain evidence—is an evidentiary issue. "On appeal, the standard of

review of a trial court's decision to exclude or admit evidence is that of an abuse of discretion." *Brown v. City of Winston-Salem*, 176 N.C. App. 497, 505, 626 S.E.2d 747, 753 (2006). A trial court abuses its discretion when it acts under a misapprehension of law. *See Riviere v. Riviere*, 134 N.C. App. 302, 307, 517 S.E.2d 673, 676 (1999) (concluding the trial court abused its discretion because it acted under a misapprehension of law); *see also Hines v. Wal-Mart Stores East, L.P.*, 191 N.C. App. 390, 393, 663 S.E.2d 337, 339 (2008) ("A discretionary ruling made under a misapprehension of the law, may constitute an abuse of discretion."); *State v. Nunez*, 204 N.C. App. 164, 170, 693 S.E.2d 223, 227 (2010) ("When a trial judge acts under a misapprehension of the law, this constitutes an abuse of discretion." (citing *Hines*, 191 N.C. App. at 393, 663 S.E.2d at 339, and *Riviere*, 134 N.C. App. at 307, 517 S.E.2d at 676)).

**B. Exclusion of Best Interest Evidence**

Defendant argues the trial court erred by preventing him from "presenting evidence because it misunderstood the two prong test for a motion to modify child custody." (Capitalization altered.) Specifically, Defendant contends the trial court erred by preventing him from presenting evidence related to the best interest of the child part of the modification standard. By doing this, the trial court improperly bifurcated the trial into two distinct portions: first, evidence regarding changes in circumstances, and second, only if Defendant met his burden of proving substantial

changes in circumstances, evidence regarding the best interests of the child.

We first note there is no question in this case that many changes in circumstances of the parties and child had occurred, and these changes are typically the types of changes which may be considered as substantial changes and can support a modification of custody. *See West v. Marko*, 141 N.C. App. 688, 692, 541 S.E.2d 226, 229 (2001) (determining evidence supported the conclusion of a substantial change in circumstances based on findings of fact about medical care, education, family living conditions, etc.). In fact, the trial court found several changes occurred. Over the seven years since entry of the prior order, both parties' home, family, and work circumstances had all changed; the child was no longer a toddler but was age ten and involved in school, sports, and social activities; and the child had been diagnosed and treated for ADD. This is not a case which presents one isolated change in circumstances or some change unrelated to the child's circumstances.

We recognize, as Plaintiff argues, that individual changes such as the mere passage of time, increased age of the child, a change in residence, or a change in family composition are not necessarily sufficient changes of circumstances to justify the modification of a custody order. *See Frey v. Best*, 189 N.C. App. 622, 637–39, 659 S.E.2d 60, 72 (2008) (after recognizing the same standards apply to modifying child custody and modifying visitation, determining the facts on changes in children's ages, parent's work schedule, and parent's residence did not support concluding a

substantial change in circumstances occurred); *Evans v. Evans*, 138 N.C. App. 135, 140, 530 S.E.2d 576, 579 (2000) (explaining "remarriage, in and of itself, is not a sufficient change of circumstances affecting the welfare of the child to justify modification of the child custody order without a finding of fact indicating the effect of the remarriage on the child" and then further stating, "[s]imilarly, a change in the custodial parent's residence is not itself a substantial change in circumstances affecting the welfare of the child . . .").  Any one of those changes may or may not constitute a substantial change justifying modification of a custody order; to make this determination, the trial court must consider evidence regarding the effect of the particular change on the child, whether positive or negative.  *See Warner v. Brickhouse*, 189 N.C. App. 445, 452, 658 S.E.2d 313, 318 (2008) ("[C]ourts must consider and weigh all evidence of changed circumstances *which affect or will affect the best interests of the child*, both changed circumstances which will have salutary effects upon the child and those which will have adverse effects upon the child." (quoting *Metz v. Metz*, 138 N.C. App. 538, 540, 530 S.E.2d 79, 81 (2000)) (emphasis added; other alteration in original)).  In other words, the trial court must consider not only the change, but also if and how that change affects the child and the best interests of the child.  Plaintiff argues "[Defendant-]Father has not explained how [the changes] affect[] the well-being of the child."  But the trial court did not permit Father to explain how the changes affected the well-being of the child.  Because the

trial court bifurcated the hearing and prevented Father from addressing the best interests of the child, he could not present evidence as to his contentions of how the changes affected the child. If Father had been allowed to present this evidence, the trial court may or may not have found Father's evidence credible or it might have determined the effects of changes in circumstances were not so significant as to justify modification, but Father was entitled to the opportunity to present evidence to support his claim.

¶ 18　　Our review of the hearing transcript reveals two instances where the trial court disallowed evidence on best interests. Defendant tried to present evidence related to how the current circumstances affected the child's best interests and how he believed changes in custody and visitation would serve the best interest of the child, but the trial court did not allow him to present such evidence. First, while Defendant testified, the following exchange took place:

> Q. A 50/50. And do you think that would work best if it was
> a week with you and then a week with [Plaintiff]?
> A. Yes. It would help him -- it would be in his best interest. ·
> Because right now, it's ---
> MS. JOHNSON: Again, Judge, we're talking about best
> interest, which I think is what the slant has been all along.
> MS. BELL: Your Honor, I would respectfully disagree.
> Again, it goes hand in hand. We're talking about a Consent
> Order from '09. So obviously, a great deal has changed
> since then. We were dealing with a one year old; now we're
> dealing with a ten year old. So there's going to be some
> crossover between best interest and substantial change.
> 　　Just because this Order is so old. It's not like we're

dealing with something that's just a few years. So there's been a lot that's changed. And so that's why I want to point out. Again, we're talking about things in the Consent Order, but we're also talking about a child. Obviously, when the law talks about substantial change, it doesn't have to be a negative effect on the child. It just has to be a substantial change affecting the child.

And thankfully, a lot of the changes we've been talking about today have been positive, you know. We're dealing with a young man who's doing well. So I just want the Court to understand and hear my position that, again, there's going to be crossover between best interest and substantial change. Because not all substantial change is negative.

So I just want to make that point to the Court.

THE COURT: All right. And I do understand the objection that was made. *So I'm going to ask [Defendant] if he would not testify as to what would be in the child's best interest.*

(Emphasis added.) The other instance where the trial court indicated it would not

accept best interest evidence came during a discussion about whether the minor child

whose custody is in dispute would testify:

MS. JOHNSON: . . . .

*We're at the motion stage. We're not at best interest. And so asking him questions that are limited to what those allegations are on this motion, are the only thing that's going to be relevant to illicit [sic] from him.*

THE COURT: Okay.

MS. BELL: And Your Honor, if I may respond. If you look at the bench book, it talks about substantial change of circumstance. And how there's a correlation there with information that the child can provide. So you can ask questions about the child's well-being, their relationship with their parent, the child's wishes. All of that goes to substantial change of circumstance. And of course, there's some crossover with best interest as well.

> So I just want to put that on the record.
> MS. JOHNSON: And had she [sic] alleged that in his
> Motion, Judge, then that would have been fine. But it
> hasn't been.

(Emphasis added.) The court did not say anything further on the best interest evidence issue after this exchange; it just told the parties it would hear from a different witness then and from the child later.

¶ 19        In both these instances, the trial court abused its discretion by not allowing Defendant to present best interest evidence. In particular, the trial court appears to have based these rulings on a misapprehension of the law which led to a strict bifurcation of the evidence allowed in the two stages of the hearing. *See Riviere*, 134 N.C. App. at 307, 517 S.E.2d at 676 (concluding the trial court abused its discretion because it acted under a misapprehension of law). Defendant should have been allowed to present his contentions and evidence addressing both changed circumstances and best interests as part of his case-in-chief because both are part of the requirements to modify a child custody order. *Shipman*, 357 N.C. at 474, 586 S.E.2d at 253. As Defendant's attorney argued, there is "crossover between best interest and substantial change." Further, in the context of the best interest inquiry, the trial court has the affirmative "responsibility of requiring production of any evidence that may be competent and relevant on the issue." *Lamond*, 159 N.C. App. at 405, 583 S.E.2d at 659–60.

The trial court's exclusion of best interest evidence also conflicts with its "principal objective" in a child custody modification case, i.e., "to measure whether a change in custody will serve to promote the child's best interests." *Shipman*, 357 N.C. at 474, 586 S.E.2d at 253. As explained above, even the requirement to show changed circumstances serves to protect the child's best interests by ensuring stability. *Pulliam*, 348 N.C. at 620, 501 S.E.2d at 900. Further, this Court has recognized the link between changed circumstances and best interests as well as the potential for the evidence on the two inquiries to overlap. *See Warner*, 189 N.C. App. at 452, 658 S.E.2d at 318 ("[C]ourts must consider and weigh all evidence of changed circumstances *which affect or will affect the best interests of the child*, both changed circumstances which will have salutary effects upon the child and those which will have adverse effects upon the child." (emphasis added)); *see also* 3 *Reynolds on North Carolina Family Law* § 8.43 ("Parties may offer evidence of any number of factors in support of a substantial change of circumstances. Like the original order, the factors must relate to the child's best interest and focus on the child's present or future well-being."). Thus, by excluding best interest evidence, the trial court shifted focus from its principal objective and also risked excluding evidence relevant to the changed circumstances inquiry as well as from the best interest inquiry.

The trial court's exclusion of best interest evidence is particularly striking here given Defendant presented significant evidence that could have supported finding a

substantial change in circumstances affecting the welfare of the child, although the trial court found Defendant ultimately did not meet his burden under that inquiry. For example, the trial court found: the child was age one at the time of the original order and ten at the time of the modification hearing; the child has started school and received additional educational supports in the intervening time; the child has medical issues requiring medication; and both parents remarried and the child gained additional siblings since the time of the original order. As noted above, the passage of time alone is not necessarily a change affecting the child's welfare. *See Frey*, 189 N.C. App. at 637–39, 659 S.E.2d at 72 (explaining facts on, *inter alia*, children getting older did not justify conclusion a substantial change in circumstances occurred). But despite the trial court's findings of many major changes in circumstances, it did not address the effects these changes had on the child's best interests.

¶ 22    The trial court also made several findings noting that the prior order did not address certain issues and on this basis determined that there was no substantial and material change in circumstances to justify modification, particularly as to those issues. For example, the trial court found the prior order did not address phone calls between Father and the child and it did not address sporting activities. Because the prior order did not *specifically* address these issues, the trial court found that the evidence regarding phone calls and sports participation did not constitute "a substantial and material change in circumstances to warrant a modification." But

a prior order need not address everything that may come up in a child's life before a party may later demonstrate a substantial change in circumstances justifying modification. When the consent order was entered, the child was under 2 years old. Sports participation and phone calls are not addressed in every child custody order and are typically not relevant for a one-year-old child but may become extremely important to a child who is age 10. We do not address whether the trial court erred when it characterized all the changes in circumstances it found not to be "substantial" changes in circumstances. Rather, the trial court here abused its discretion by operating under a misapprehension of the law and failing to consider all the relevant evidence needed to determine if these changes were substantial changes which affect the best interests of the child. It is impossible to consider whether a change is a *substantial* change affecting the child without considering if that change has an effect on the best interest of the child.

¶ 23        Plaintiff contends "the trial court did not abuse its discretion in excluding best-interest evidence" because the child custody modification process involves two steps such that the trial court cannot reach the best interest analysis before it finds a substantial change in the circumstances. (Capitalization altered.) As an initial matter, the two main cases on which Plaintiff relies are taken out of context. First, Plaintiff cites *Kanellos v. Kanellos* to support her argument "[m]odification of child custody awards is a two-step process." (Citing 251 N.C. App. 149, 158 n.4, 795 S.E.2d

225, 232 n.4 (2016).) This portion of *Kanellos*, 251 N.C. App. at 158 n.4, 795 S.E.2d at 232 n.4, comes from a footnote that relies on *Browning v. Helff*, 136 N.C. App. 420, 524 S.E.2d 95 (2000), and *Browning* itself was remanded for the trial court to make additional findings of fact on the effect on the child. 136 N.C. App. at 425, 524 S.E.2d at 99. The *Browning* Court did not address whether the trial court should have barred best interest *evidence* at the hearing; it only addressed whether the trial court's *analysis* followed the correct route. Plaintiff makes a similar error with her citation to *West v. Marko*. In *West*, this Court concluded the court incorrectly believed it could modify a child custody order based on best interests alone without finding a substantial change in circumstances. 141 N.C. App. at 691–92, 541 S.E.2d at 229. But the trial court had also made the appropriate findings on change in circumstances, so this Court upheld the order. *Id.*, 141 N.C. App. at 691–92, 694, 541 S.E.2d at 229, 231. Thus, again, the trial court did not bar a party from presenting best interest evidence. And this Court only faulted the trial court for not following the correct *analytical* steps.

¶ 24 These out-of-context cites also reveal the larger flaw in Plaintiff's counter argument. The trial court must find a substantial change in circumstances affecting the welfare of the child before it can *analyze* whether a change of custody would be in the best interest of the child. *See Garrett v. Garrett*, 121 N.C. App. 192, 196, 464 S.E.2d 716, 719 (1995), *disapproved of on other grounds by Pulliam*, 348 N.C. 616,

501 S.E.2d 898 ("The best interest *analysis* is rendered nugatory if the party requesting the custody change does not meet its burden on the substantial change of circumstances issue." (emphasis added)). But the trial court must still consider *evidence* relevant to best interest at the hearing on a motion to modify child custody, and in this case, there were clearly many changes in circumstances that are part of the typical considerations for modification—remarriage, relocation, additions to the family of stepparents and siblings, changes in the child's medical condition and educational needs, changes in work and school schedules, and more. *See West*, 141 N.C. App. at 692, 541 S.E.2d at 229 (finding evidence to support a substantial change in circumstances based on findings of fact about medical care, education, family living conditions, etc.). Particularly because best interest evidence can overlap with the change in circumstances evidence, *see Warner*, 189 N.C. App. at 452, 658 S.E.2d at 318 (noting potential for overlap), the trial court should not finish its analysis before a party's case-in-chief is even done. As a result, the trial court abused its discretion by not allowing Defendant's evidence relating to best interest. The trial court could ultimately decide that despite the many changes in circumstances over the years since the prior order, the changes either had no substantial effect on the child, either positive or negative, or that despite the substantial changes in circumstances, a modification of custody would not be in the best interest of the child, but the child's best interests cannot be entirely removed from the evidence or analysis.

¶ 25        Plaintiff also argues even if the trial court should have received Defendant's best interest evidence, it did not reversibly err because Defendant "did not make an offer of proof." While counsel must usually make a specific offer of the excluded evidence to enable an appellate ruling, a proffer is not necessary when "the significance of the evidence is obvious from the record." *Currence v. Hardin*, 296 N.C. 95, 99–100, 249 S.E.2d 387, 390 (1978); *see also Waynick Const., Inc. v. York*, 70 N.C. App. 287, 292, 319 S.E.2d 304, 307 (1984) (explaining proffer is not necessary when "record plainly discloses the significance of the evidence"); N.C. Gen. Stat. § 1A-1, Rule 43(c) (explaining procedure for proffer). Here, the significance of the excluded best interest evidence is obvious, and Defendant addressed this issue with the trial court several times during the hearing. A trial court cannot grant a motion to modify child custody unless it is in the best interest of the child. *Shipman*, 357 N.C. at 474, 586 S.E.2d at 253. For this reason, we also reject Plaintiff's counter argument about Defendant not making a proffer of the best interest evidence.

¶ 26        Having rejected both of Plaintiff's counter arguments, we find the trial court abused its discretion by not allowing Defendant to present best interest evidence. We vacate and remand for a new hearing to allow both parties to present additional evidence regarding the child's current circumstances including evidence regarding the effect upon the best interests of the child of both current circumstances and any proposed change in the custodial arrangement. The trial court shall then enter a new

order addressing Defendant's motion for modification of custody. We do not express any opinion on whether the trial court should or should not order any modification of custody; that decision is in the discretion of the trial court, after considering all the evidence, including any evidence regarding the best interests of the child. Because we vacate and remand on this issue, we do not need to reach any of Defendant's three other arguments.

## III.    Conclusion

The trial court abused its discretion by preventing Defendant from presenting evidence regarding his contentions as to the best interests of the child; evidence regarding the best interests of the child may be part of the evidence supporting a party's claim that a particular change in circumstances is a substantial change in circumstances which may justify a modification of the custody order. As a result, we vacate and remand on that issue. Because we vacate and remand on this evidentiary issue, we do not need to reach Defendant's remaining issues. On remand, the trial court shall hold a new hearing and both parties shall have the opportunity to present evidence regarding how the changes in circumstances since the prior order have affected—or have not affected—the best interest of the child, either negatively or positively, and the trial court shall enter a new order on Defendant's motion to modify the child custody order following the hearing.

VACATED AND REMANDED.

Judges ZACHARY and GORE concur.